IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-00028-F

| | | |
|---|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | **DEFAULT JUDGMENT** |
| v. | )<br>) | |
| VICTORY RESIDENTIAL SERVICES, LLC,<br>and ISRAEL OJIMADU, an individual, | )<br>)<br>) | |
| Defendants. | ) | |

Upon Plaintiff's motion for judgment by default and considering the Clerk's entry of default herein on August 5, 2015, Defendants' failures and refusals to plead or otherwise defend, the affidavit filed by Plaintiff in support of said motion, and the Court being otherwise fully advised, Plaintiff's motion for judgment by default is GRANTED. The Court enters its findings of fact and conclusions of law, as follows:

FINDINGS OF FACT

1. Defendant Victory Residential Services, LLC, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Wake County, North Carolina, and is an employer within the meaning of § 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

2. Defendant Israel Ojimadu, an individual doing business in Wake County, North Carolina, at all times hereinafter mentioned acted directly or indirectly in the interest of the

aforesaid corporation in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

3. Defendants Victory Residential Services, LLC and Israel Ojimadu (collectively, "Defendants"), engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and Defendants operate a group home for adults with developmental disabilities, and constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B).

4. Since on or about October 22, 2011, Defendants repeatedly failed to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

5. Since on or about October 22, 2011, Defendants repeatedly employed employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

6. As a result of the conduct described above, Defendants are wrongfully withholding back wages in the amount $15,163.19 due and owed to five employees of Defendants. The back wages due to each employee for this time period are set forth in Appendix A which is attached to the Affidavit of Wage and Hour Investigator Linda Wilkerson.

7. Since on or about October 22, 2011, Defendants repeatedly failed to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

2. Defendants repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2) by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

3. Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed as described in paragraph 5 above.

4. Defendants repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them as described in paragraph 7 above.

5. Defendants have neither pleaded nor proven that: (1) the act or omission giving rise to the violations of the Act were in good faith and (2) they had reasonable grounds for

believing that their acts or omission were not a violation of the Act. See 29 U.S.C. § 260. Accordingly, under §16(c) of the Act, the Secretary is authorized to recover not only back wages for the wronged employees, but also an equal amount of liquidated damages. 29 U.S.C. § 216(c). The liquidated damages due each employee are set forth in the attached Appendix A.

Upon consideration of Plaintiff's motion for judgment by default, Defendants' having failed to answer, plead, or otherwise defend as required by law since the Clerk's entry of default herein on August 5, 2015, and it appearing that Plaintiff is entitled to the relief sought, and this Court having entered its Findings of Fact, Conclusions of Law, and Order granting Plaintiff's motion, now, therefore, in accordance therewith, it is hereby ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

A. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

B. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), fail to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

4

Case 5:15-cv-00028-F   Document 13   Filed 02/25/16   Page 4 of 10

C. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages in the total amount of $15,163.19 and an additional equal amount as liquidated damages due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Appendix A attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Appendix A shall not be terminated or otherwise adversely affected by this proceeding.

Defendants also shall provide Plaintiff's attorneys with an Appendix showing their employer I.D. number and the last-known address and social security number as to each employee listed on Appendix A.

Plaintiff, thereupon, shall distribute the back wages and liquidated damages owed to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

It is FURTHER ORDERED that court costs of this action hereby are taxed to Defendants for which execution may issue.

SO ORDERED.

This, the 2 5 day of February, 2016.

                                         *James C. Fox*
                                         JAMES C. FOX
                                         Senior United States District Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT COURT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>                Plaintiff,<br><br>v.<br><br>VICTORY RESIDENTIAL SERVICES, LLC;<br>ISRAEL OJIMADU, an Individual,<br><br>                Defendants. | FILE NO.<br><br>4:15-cv-00012-F |

## AFFIDAVIT OF LINDA WILKERSON

I, Linda Wilkerson, having been duly sworn, say:

1. I am employed as an Investigator by the Wage and Hour Division, United States Department of Labor in Raleigh, North Carolina.

2. During the period in my official capacity and pursuant to my official duties as an Investigator, I personally made investigation under the Fair Labor Standards Act of 1938 ("FLSA"), of Victory Residential Services, LLC and Israel Ojimadu (collectively, "Defendants") in Raleigh, North Carolina.

3. My investigation covered the period from December 21, 2010 to December 21, 2012. The investigation included examining time, payroll and other employment records. In addition, I conducted an oral interview with Defendant Israel Ojimadu and had face to face interviews with several of Defendants' employees. I also conducted a number of telephone interviews with former employees.

4. Such investigation revealed to me, among other things, that:

a. Israel Ojimadu was the owner of Victory Residential Services and operated adult group homes and acted directly in the interest of the corporation in relation to its employees.

b. Defendants did not adequately take and preserve daily and weekly time records for all of its group home workers. Defendants' payroll records and time sheets were incomplete. Defendants did not maintain any timesheets for employees. Consequently, the payroll records did not accurately reflect the hours worked by employees for certain time periods.

c. During the relevant time period of my investigation, Defendants failed to pay time and one-half for hours worked in excess of 40 per week to employees.

d. During the relevant time period of my investigation, the employer did not provide minimum wage to employees for hours worked. Specifically, Defendants paid employees a flat rate which failed to compensate them at the applicable minimum wage for each hour worked.

e. Timesheet records were not available for employees, so I computed their missing pay using estimates from hours worked based on employee interviews. I also utilized copies of employment contracts which listed a flat salary for all hours worked. In addition, I reviewed copies of some of the employees' paychecks. These paychecks revealed the applicable flat rate (or salary), as well as deductions to that rate for absences.

f. As set forth more fully in the attached Appendix A, I calculated the number of hours worked per week for the relevant time period and, applying the appropriate coefficient, calculated the amount due each employee in back wages.

g.  In total, Defendants owe five (5) employees $15,163.19 in back wages.

_____
LINDA WILKERSON
Investigator

Subscribed and sworn to before me
this __16__ day of __September 2015__

_____
Notary Public
My Commission Expires __12/2/2015__.

Olaf T Von Ramm, III
NOTARY PUBLIC
Wake County, NC

# APPENDIX A

## VICTORY RESIDENTAL SERVICES, LLC

| Name | Period From and To | Backwages | + Liquidated Damages | = TOTAL |
|---|---|---|---|---|
| Hilda G. Edmundson | 07/07/12 to 11/24/2012 | $2,533.50 | $2,533.50 | 5067.00 |
| Robert Henderson | 10/22/11 to 11/17/2012 | 4,700.80 | 4,700.80 | 9401.60 |
| Herbert Suggs, Jr. | 04/7/2012 to 06/2/2012 | 636.05 | 636.05 | 1272.10 |
| Shirley Wallace | 09/1/2012 to 12/22/2012 | 1,884.84 | 1,884.84 | 3769.68 |
| Linda Winstead | 04/07/12 to 12/22/2012 | 5,408.00 | 5,408.00 | 10,816.00 |
| **TOTAL** | | **$15,163.19** | **$15,163.19** | **$30,326.38** |